UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**J.C. FRAZIER and NORTHWEST**
**FUNERAL CHAPEL, INC.,**
                 **Plaintiffs,**

**v.**                                                  **Case No. 15-cv-0314**

**CITY OF RACINE,**
                 **Defendant.**
_____

## DECISION AND ORDER

Plaintiffs J.C. Frazier and Northwest Funeral Chapel, Inc. bring this § 1983 claim against defendant City of Racine alleging that defendant violated plaintiffs' rights to equal protection and due process when it denied their application for a conditional zoning permit. Before me now is defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.

### I. Background

Frazier, an African American, operated Northwest Funeral Chapel in Racine which primarily served African Americans. In November 2011, he submitted an offer to purchase a property on Lake Avenue conditioned on being able to use it as a funeral home. Plaintiffs applied for a conditional use permit, and the Plan Commission held three hearings on the application. Plaintiffs allege that the Commission recommended that the Common Council ("Council") grant the permit with unusually extensive conditions. In March 2012, the Council denied plaintiffs' application. Plaintiffs allege that less than two months later, a white-owned funeral home purchased the property and that defendant granted it permission to use the property as a funeral home.

## II. Discussion

To survive a Rule 12(b)(6) motion, plaintiffs must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must, at minimum, "give the defendant fair notice of what the claim is and the grounds upon which is rests." *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted). In construing plaintiffs' complaint, I assume all factual allegations to be true and disregard statements that are conclusory. *Iqbal*, 556 U.S. at 678.

Plaintiffs bring two equal protection claims. The first is a class-of-one claim alleging that defendant treated plaintiffs differently from others similarly situated and that there was no rational basis for the difference in treatment. *See La Bella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 942 (7th Cir. 2010). The second alleges that defendants treated plaintiffs differently from others similarly situated based on race. Defendant does not argue that plaintiffs fail to plausibly plead the elements of these claims but rather that plaintiffs fail to plausibly plead that it is liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Section 1983 authorizes suits against "persons" who, acting under color of state law, cause the violation of another person's rights. Municipalities are "persons" for purposes of § 1983 only if the municipality's policy caused the violation. *Id.* at 694. To plead causation, plaintiffs must allege that the deprivation of their rights was caused by (1) an express policy of defendant's; (2) a widespread practice so permanent and well-settled

2

as to constitute a custom, policy or practice; or (3) a person with final decision policymaking authority. *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005).

I conclude that plaintiffs' plausibly plead liability under the third category, that the alleged deprivation of their rights was caused by a final policymaker. Specifically, plaintiffs allege that the Council denied their application for a conditional use permit. Compl. at 2 (ECF No. 1). The Council is the defendant's legislative body, and a municipality's legislative body has been considered a final policymaker for purposes of § 1983. *See Milestone v. City of Monroe*, 665 F.3d 774, 781–82 (7th Cir. 2011) (describing a common council as "the final policymaker"); *Cornfield by Lewis v. Consol. High Sch. Dist. No. 230*, 991 F.2d 1316, 1324 (7th Cir. 1993) (stating that "the official pronouncements of municipal or legislative bodies" are sufficient to establish *Monell* liability).

Defendant argues that the term "defendant" referenced in the complaint is broad and does not directly refer to the Council. In the context of the complaint, however, it is reasonable for me to infer that plaintiffs are referring to the Council which is an arm of defendant. *See Iqbal*, 556 U.S. at 679 (directing judges to "draw on [their] judicial experience and common sense" in determining whether a claim is plausibly pled). Plaintiffs' allegations provide adequate notice of the basis of their claims and their theory of *Monell* liability. Thus, I decline to dismiss plaintiffs' equal protection claims.

Plaintiffs' procedural due process claim fares less well. To adequately plead a procedural due process claim, plaintiffs must allege "(1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding that deprivation." *Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008). Plaintiffs do not plausibly plead that

3

defendant deprived them of a constitutionally protected interest. Plaintiffs allege no ownership or other type of property interest in the Lake Avenue property. A contract to buy something is not tantamount to ownership. *Ind. Land Co., LLC v. City of Greenwood*, 378 F.3d 705, 709 (7th Cir. 2004). Nor do plaintiffs allege a protected interest in a particular use of the property. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 576 (1972) (stating that the Fourteenth Amendment only safeguards "the security interests that a person has already acquired in specific benefits").

Plaintiffs also fail to plausibly plead the absence of sufficient procedural protection. The fundamental requirement of due process is an opportunity to be heard in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). The procedures required in zoning cases are minimal. *River Park, Inc. v. City of Highland Park*, 23 F.3d at 164, 165-66 (7th Cir. 1994)*; see also Ind. Land Co., LLC*, 378 F.3d at 710. Plaintiffs allege that they were afforded three pre-deprivation hearings on their application, and they could have sought post-deprivation review in state court via a petition for a writ of certiorari. *See* Wis. Stat. §§ 68.001–68.14 (affording "a constitutionally sufficient, fair and orderly administrative procedure and review in connection with determinations by municipal authorities which involve constitutionally protected rights of specific persons which are entitled to due process protection"). The opportunity to seek state court review alone is enough to satisfy due process in zoning cases. *River Park, Inc.*, 23 F.3d at 167 ("The opportunity to apply for [a writ of certiorari] is enough, we have held, even when rights under the first amendment are at stake. . . . It is assuredly enough in a zoning case."). Thus, plaintiffs fail to plead that they were afforded insufficient process.

4

### III. Conclusion

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss (ECF No. 4) is **GRANTED** in part and **DENIED** in part. Plaintiffs' procedural due process claim is dismissed. Plaintiffs may proceed with their equal protection claims.

Dated at Milwaukee, Wisconsin, this 18th day of December, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge